Parker C. J.
afterward drew up the opinion of the Court. As to the first point, to wit, that the allegation in the count, that the defendants’ dam which caused the injury was in Titicut in the county of Plymouth, whereas the evidence 'roved that the place where the dam stood was in the county of Bristol, and therefore there is a variance between the allegata and probata, we do not think it material; for the injury done to the plaintiff’s mills is the substance of the complaint, and the place where the injury was done, to wit, at the mills, gives the locality to the action, and not the source from which the mischief came. The evidence of a dam anywhere below the plaintiff’s mills unlawfully, whereby the use of the mills was impaired, would give the right of action in the county where the mills stood ; and it was wholly unnecessary to allege in what county the obstruction was erected. This is the doctrine of the case cited from 2 East, 497, as very clearly stated by Le Blanc J.[1]
As to the second point, the direction of the judge to the jury appears to us to be correct. The plaintiff suffered an ac tual damage in the use of his mills by reason of the height given to the defendants’ dam. We do not see how he can be refused his legal compensation, because his damage was small ; and we should feel at a loss to fix the amount of injury above which there should be a right of action, and below it, none.

 See Barden v. Crocker 10 Pick. 383.